

**SO ORDERED.**

**SIGNED this 11 day of February, 2008.**

_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE

_____

DESIGNATED FOR PUBLICATION


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MARK WALTER ANDROES, | ) | Case No. 06-12375 |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| ————————————————————————) | | |
| | ) | |
| CARL B. DAVIS, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Adversary No. 07-5088 |
| | ) | |
| WORLD SAVINGS BANK; | ) | |
| MARK WALTER ANDROES, | ) | |
| | ) | |
| Defendants. | ) | |
| ————————————————————————) | | |


<u>**MEMORANDUM OPINION**</u>

1

Trustee Carl B. Davis seeks summary judgment on his complaint against debtor Mark Androes and World Savings Bank ("World Bank").[1] Trustee's complaint seeks (1) to avoid World Bank's mortgage on Androes' homestead as unperfected because the acknowledgment of the debtor's signature is undated and (2) to avoid as preferential World Bank's lis pendens to the extent it attached to the home. World Bank filed a response to the Trustee's motion and a counter motion for summary judgment.[2] The Trustee filed a reply to World Bank's response, which also served as his response to World Bank's motion for summary judgment.[3] World Bank filed a reply to the Trustee's response to its motion for summary judgment.[4] Debtor filed no response.

Summary Judgment Standards

Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[5] An issue is "genuine" if sufficient evidence exists "so

---

[1] Dkt. 15.

[2] Dkts. 19 and 20. World Bank's motion for summary judgment is untimely. It was filed on September 6, 2007. All dispositive motions were to be filed by August 31, 2007. See Report of Parties Planning Meeting, dkt. 11, and Order Adopting Report of Parties Panning Meeting, dkt 12. Because World Bank's motion for summary judgment is untimely, the Court can refuse to consider it. Nonetheless, because World Bank's motion is one and the same as its timely response to the Trustee's motion for summary judgment, the Court will consider World Bank's memorandum in support of its motion for summary judgment. The Court, however, will not consider World Bank's pleading captioned "Reply of World Savings Bank, FSB, to the Trustee's Response to Bank's Motion for Summary Judgment" (Dkt. 23) as it was filed without leave of court. Under L.B.R. 7056.1, World Bank is not entitled to file a reply to the Trustee's reply.

[3] Dkt. 22.

[4] Dkt. 23.

[5] Fed.R.Civ.P. 56(c).

2

that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim."[6]  When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[7]  In determining whether any genuine issues of material fact exist, the Court must construe the record in a light most favorable to the party opposing the summary judgment.[8]  Once the Court determines those facts to which there is no dispute, it must then determine whether those uncontroverted facts establish a sufficient legal basis which entitle the movant to judgment as a matter of law.[9]

Findings of Fact

After reviewing the Trustee's statement of uncontroverted facts and World Bank's controversion of some of the Trustee's statements, the Court finds the following facts to be established for this motion and any subsequent litigation.[10]  In general, there are very few factual disputes in this matter.  Most of World Bank's controversions relate to the Trustee's characterization of the legal consequences of certain actions by World Bank and the debtors.  Those characterizations

---

[6]  *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir.1998).

[7]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

[8]  *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir.1988) (citation omitted).

[9] *E.E.O.C. v. Lady Baltimore Foods, Inc.,* 643 F. Supp. 406, 407 (D. Kan. 1986) (Even if there are no genuine issue of material fact, the movant still has the burden to show it is entitled to judgment as a matter of law.).

[10]  *See* Fed. R. Civ.  P. 56(d) as incorporated in Fed. R. Bankr. P. 7056.

3

are, for these purposes, largely disregarded because they are not really statements of fact.

Mark Androes filed this chapter 7 bankruptcy case on December 6, 2006. Carl B. Davis was appointed chapter 7 trustee. This proceeding relates to a real estate lending transaction secured by a mortgage on real property situated in Sedgwick County, Kansas. World Bank filed a proof of claim in this case asserting that it was owed $60,314.03 on the petition date. Attached to the proof of claim are copies of the debtor's note to the bank and World Bank's mortgage covering real property in Wichita, Kansas. At the time of the filing, the debtor claimed this property as his exempt homestead and no objections to that claim were filed.

Debtor and his then-wife, Patricia Androes, made a mortgage in favor of World Bank covering the above-described property. World Bank caused this instrument to be filed with the Sedgwick County Register of Deeds on January 22, 2002 in Film 2366 at Page 948. On the face of the mortgage is a typed date of January 10, 2002, but the signature pages of the mortgage are undated. The certificate of acknowledgment is appended to the mortgage on a separate, undated page and states in its entirety:

> State of Kansas, County of Sedgwick: ss;
>
> Be it remembered that before me, a notary public in and for the State and County aforesaid, personally appeared
>
> **Mark W. Androes and Patricia G. Androes, husband and wife**
>
> known to me to the same person(s) who executed the within instrument and who acknowledged the execution of the same as a free act and deed . . . . In witness thereof I have hereunto set my had and affixed my official seal *the day and year last above written*.
>
> /s/ Angela Carroll
> Notary Public

(Emphasis added). Ms. Carroll's seal is also affixed and indicates the day and year of the expiration

of her appointment as a notary public.  The note that this mortgage secures is dated January 10, 2002.  However, the "day and year last above written" in the body of the mortgage is February 1, 2017, the note's maturity date.

World Bank commenced a foreclosure action pertaining to this mortgage on November 29, 2006, before the petition date, but the action was dismissed for lack of prosecution as of June 15, 2007.  The Trustee recorded a Notice of Bankruptcy filing with the Sedgwick County Register of Deeds on February 9, 2007.  After this adversary proceeding was filed, World Bank caused to be filed with the Register of Deeds on August 2, 2007 an "addendum" that states as follows–

ADDENDUM

I Angela Carroll, being first sworn upon my oath, state that the acknowledgment attached to the mortgage of World Savings Bank on the property described as:

Lot 5, Block 3, Park East, Sedgwick County, Kansas

was signed by Patricia G. Androes and Mark W. Androes on January 10, 2002.

/s/Angela Carroll

[Jurat]

The Trustee has asserted that filing this Addendum violated the automatic stay.[11]

Analysis

The Trustee asserts two causes of action.  First, he claims that the omission of the date from the notary's certificate invalidates the acknowledgment, resulting in the mortgage having been

_____

[11] *See* Case No. 06-12375, Dkt. 39.

5

improperly recorded and therefore subject to the claims of a hypothetical lien creditor under 11 U.S.C. § 544. Second, he asserts that if the mortgage was not properly recorded, the earliest that World Bank could have claimed a record interest in the property was November 29, 2006, the date it filed its foreclosure suit and obtained a lis pendens. Because that lis pendens attached some six days before the petition date, it is a voidable preference under 11 U.S.C. § 547 and recoverable for the estate under 11 U.S.C. § 550. World Bank responds that the omission of the execution date from the acknowledgment is a harmless error that should be overlooked or, in the alternative, that the Addendum cured that omission. World Bank also says that the Addendum's effect related back to the date of the mortgage's filing and, therefore, was permissible under 11 U.S.C. § 362(b)(3) and § 546.

A. Acknowledgments

Kansas requires that mortgages be properly acknowledged in order to be accepted by the Register of Deeds for filing.[12] KAN. STAT. ANN. § 58-2222 (2005) states that if a properly certified mortgage is filed, that filing imparts notice of the lienholder's interest from the time the instrument was filed. Ancient Kansas precedent holds that an unacknowledged mortgage, although recorded, does not place a subsequent purchaser of the land on notice, even when that purchaser has viewed the mortgage in the recording books:

> An instrument affecting real estate is entitled to record only when it has been acknowledged or proved as provided by the statute. And, where such an instrument is recorded without having been so acknowledged or proved, the record does not impart notice to any one. [citations omitted].[13]

---

[12]   KAN. STAT. ANN. § 58-2221 (2005).

[13]   *Nordman v. Rau,* 119 P. 351, 351 (Kan. 1911), citing *Wickersham v. Chicago Zinc Co.*, 18 Kan. 481, 26 Am. Rep. 784; *Wiscomb v. Cubberly*, 51 Kan. 580, 589, 33 P. 320.

6

It is undisputed that the certificate of acknowledgment of World Bank's mortgage omits the date of the Androes' appearance before the notary. A literal reading of the certificate of acknowledgment suggests that Androes appeared before the notary on the "day and year last above written." Unfortunately the last date to appear before the certificate is February 10, 2017. Obviously, the notary is not in a position to swear to the presence of the debtors before her some fifteen years in the future. World Bank claims the acknowledgment took place on January 10, 2002. The Trustee does not dispute that the Androes appeared before the notary on January 10, 2002, but argues that the certificate of acknowledgment is invalid since the notarial officer did not affix the date. The issue then is whether the absence of the signing date from the acknowledgment form is sufficient to invalidate it.

World Bank asserts that this omission is harmless and does not render the certificate without effect. In support of its argument, World Bank relies on case law from other jurisdictions. In *In re Wagner*, for instance, a bankruptcy court sitting in Pennsylvania noted that long-standing precedent allowed the court to review not only the acknowledgment certificate, but also the instrument itself to determine what date the acknowledgment was taken.[14] That court stated that the purpose of an acknowledgment is to verify that the signed document was the intentional and voluntary act of the party signing it. Similarly, in *In re Medlin*, a Tennessee bankruptcy court held, based upon long-standing Tennessee Supreme Court precedent, that omission of the date was not fatal to the acknowledgment certificate.[15]

---

[14] *In re Wagner*, 353 B.R. 106 (Bankr. W.D. Pa. 2006).

[15] *In re Medlin*, 201 B.R. 188 (Bankr. E.D. Tenn. 1996). *See also* Tenn. Code Ann. § 66-22-107.

There is no Kansas state appellate case on point. The Kansas Supreme Court has held that if mistakes are made by the officer in taking an acknowledgment, they are open to explanation and correction.[16] In *Mathewson*, the court held that the omission by a notary of the name of the county where he took the acknowledgment was not fatal and was explainable.[17] The *Mathewson* court stated the substance of the statute's requirements is all that is essential, and courts liberally construe certificates and uphold them as against mere technical defects. The Standards for Title Examination Committee of the Kansas Bar Association opines that:

> Omission of the date of execution [in an instrument affecting title] does not, in itself, impair marketability. Even if the date of execution is of peculiar significance, an undated instrument will be presumed to have been timely executed if the dates of acknowledgment and recordation, and other circumstances of record, support that presumption. Inconsistencies in recitals or indication of dates, as between dates of execution, attestation, acknowledgment, or recordation, do not, in themselves, impair marketability. Absent a peculiar significance of one of the dates, a proper sequence of formalities will be presumed, notwithstanding such inconsistencies.[18]

While tempting, none of the above convinces this Court that World Bank met the statutory requirements for a proper acknowledgment. None of the cases relied upon by World Bank come from jurisdictions that have adopted the Uniform Law on Notarial Acts ("ULNA"). Kansas has.[19] In both *Wagner* and *Medlin*, there was no statute mandating the inclusion of a date in the acknowledgment. Likewise, in *Mathewson*, the applicable statute, KAN. GEN. STAT. 1915 § 2060,

----

[16] *Mathewson v. Richards*, 114 Kan. 500, 220 P. 185, 187 (1923) citing *Heil v. Redden*, 45 Kan. 562, 26 Pac. 2 (1891) and *Heaton v. Norton County State Bank*, 59 Kan. 281, 52 Pac. 876 (1898).

[17] *Id.*

[18] *Kansas Title Standards Handbook*, §5.1 (6th ed. 1999).

[19] KAN. STAT. ANN. § 53-501 *et seq.* (2005).

8

did not require that the county be named in the certificate nor did it require mention of the date.[20] While the Kansas Title Standards represent the consensus of title lawyers practicing in Kansas on matters affecting marketability of title, they do not have the force of a binding state court precedent.

Kansas enacted the ULNA in 1984. The act defines an acknowledgment as a declaration by the person executing an instrument that she has executed the instrument for the purposes stated therein.[21] KAN. STAT. ANN. § 53-502(a) makes taking an acknowledgment a "notarial act" and a certificate of a notarial act "must be evidenced by a certificate signed *and dated* by a notarial officer."[22] A notarial officer is defined as a notary public or other authorized officer.[23] When a notarial officer takes an acknowledgment, he or she is required to determine from either personal knowledge or from satisfactory evidence that the person appearing before the officer is the person whose true signature is on the instrument. A certificate of a notarial act is sufficient if it follows the statutory form prescribed in KAN. STAT. ANN. § 53-509 or is in a form otherwise prescribed by Kansas law or applicable regulations or if it sets forth what the officer did and if what the officer did meets the requirements of the notarial act.

A short-form acknowledgment consists of a statement setting forth the county and state of the act, a statement that on a date certain the signers of the acknowledged instrument acknowledged

---

[20] KAN. GEN. STAT. 1915, § 2060 provided that: "The court or officer taking the acknowledgment must indorse upon the deed a certificate, showing, in substance, the title of the court or officer before whom the acknowledgment is taken; that the person making the acknowledgment was personally known to the court, or to the officer taking the acknowledgment, to be the same person who executed the instrument; and that such person duly acknowledged the execution of the same."

[21] KAN. STAT. ANN. § 53-502(b).

[22] KAN. STAT. ANN. § 53-508(a) (emphasis added).

[23] KAN. STAT. ANN. § 53-502(e).

their signatures, the signature of the officer, the officer's seal, and the date the officer's commission expires.[24]  Kansas has had a statutorily prescribed acknowledgment form since at least 1945 when former KAN. STAT. ANN. § 58-2216d was enacted.  This statute provided, in part, that ". . . a certificate endorsed upon or attached to the instrument or documents which shows the date of the notarial act . . . shall be sufficient for all intents and purposes."  This statute was repealed in 1984 with the enactment of the ULNA.[25]

In the absence of any guiding Kansas authority, this Court must predict how the Kansas Supreme Court might enforce the provisions of the uniform law that expressly require the inclusion of the date in a notarial certificate.  This Court expects that the Kansas courts would look to the commentary of the National Conference of Commissioners on Uniform State Laws.  The Reporter's comments to § 7 of the ULNA, as adopted in identical form in KAN. STAT. ANN. § 53-508, state in part that:

> This section requires a written certification by the notarial officer of the notarial act.  That certification may be simple. *It need only record the notarial act and its place and date, together with the signature and office of the notarial officer.*  Subsection (b) provides that the certificate may be in any one of the short forms set forth in this act, or in any other form provided by local law, or in any other form provided by the law of the place where it is performed, or in any form that sets forth the requisite elements of the appropriate notarial act.[26]

This language is unequivocal even though it dictates a harsh result.  This Court can only conclude that a Kansas court construing this statute would find that the inclusion of the date of a notarial act is a requisite element of that act.  The statute is clear and free of ambiguity.  This

---

[24]  KAN. STAT. ANN. § 53-509(a).

[25]  KAN. STAT. ANN. § 58-2616d (1984), *repealed* L. 1984, ch. 201, § 17.

[26]  Unif. Law on Notarial Acts § 7, Comment (Emphasis added).

10

conclusion is buttressed by the express provision in KAN. STAT. ANN. § 53-508 for subsequent correction of one possible omission, that of the expiration date of the notarial officer's appointment, without reference in that section to correcting any other omission. Based on a plain reading of the uniform law, the inclusion of the date of a notarial act is a requisite element of it. Thus, World Bank did not comply with KAN. STAT. ANN. § 53-508.[27]

The Court concludes that the certificate of acknowledgment on World Bank's mortgage is patently defective and incomplete.[28] World Bank's mortgage should not have been recorded and, as a matter of law, was not notice to the world of its interest in this real property.[29] Absent controlling authority, the Court has no choice but to conclude that the Trustee is entitled, as a matter of law, to avoid World Bank's mortgage as a hypothetical lien creditor under 11 U.S.C. § 544.

B. The Addendum

World Bank filed an Addendum to the mortgage after the petition date in an attempt to supply the missing acknowledgment date. World Bank argues that this correction serves to perfect the mortgage as of January 22, 2002, in effect relating back to the date that the mortgage was initially recorded. This argument relies on § 546(b)(1) of the Bankruptcy Code which subjects the Trustee's § 544 hypothetical lien creditor avoidance powers to "any generally applicable law that

---

[27] *See also* KAN. STAT. ANN. § 53-509(a).

[28] *See Hildebrandt v. Hildebrandt*, 9 Kan.App.2d 614, 683 P.2d 1288 (1984). The general rule is that a defect in the acknowledgment of an instrument that is not apparent on the face of the instrument does not prevent its recording from being constructive notice to persons who may be affected by the transaction recorded. *Id.* at 618. In other words, a defectively acknowledged and recorded deed imparts constructive notice if the defect in the acknowledgement is entirely latent, requiring reference to some fact only available off-record. In the present case, the missing date of acknowledgment is patent, not latent.

[29] KAN. STAT. ANN. § 58-2221; *Nordman v. Rau*, 86 Kan. 19, 119 Pac. 351 (1911).

11

. . . permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection . . . ." World Bank's argument is fatally weakened by its failure to point the Court to such a law and the failure of the Court's own research to find one. There is no Kansas statute that provides for the correction of an acknowledgment certificate (other than to include the notary's commission expiration date).

The Kansas Statutes set out a process for the proof of execution and delivery of an unacknowledged deed that is found at KAN. STAT. ANN. §§ 58-2214, et seq. If a grantor dies or cannot be found to make an acknowledgment, proof of the execution and delivery may be made by competent testimony before a court or an officer authorized to take acknowledgments. The elements of that proof are set out in KAN. STAT. ANN. § 58-2216. That section requires that the certificate of proof contain (1) the title of the officer taking the proof; (2) a statement that it was satisfactorily proven that the grantor was dead, that his attendance could not be procured, or that he refused to acknowledge the deed; and (3) the names of the witnesses to the proof and the substance of their statements that prove the execution of the deed. Nothing in § 58-2216 addresses what, if any, effect such proof might have on the record date of the instrument so proved, but KAN. STAT. ANN. § 58-2221 states that instruments proved in this manner may be recorded. KAN. STAT. ANN. § 58-2222 states that every such recorded instrument will impart notice from the time it is filed. The plain meaning of these statutes taken together is that "proven" documents only impart notice from the time they are recorded. Thus, even if the Addendum qualifies as a "proof" under the Kansas Statutes, it only imparted notice from the date of its recording. In this case, the "proof" was recorded post-petition, therefore it did not impart any notice to a bona fide purchaser at the petition date.

Finally, if there is no Kansas or other generally applicable law that would allow the Addendum to relate back, its filing was stayed by 11 U.S.C. § 362(a) and not within an applicable exception to the stay found in § 362(b). Filing the Addendum without relief from the stay was, in all likelihood, a stay violation. World Bank may be subject to sanction for violating the stay and the Addendum's filing may be void.

C.    Lis Pendens as Preference

Finally, the Trustee argues that the lis pendens resulting from the pre-petition World Bank foreclosure petition is an avoidable preference under 11 U.S.C. § 547. KAN. STAT. ANN. § 60-2201(a) (2005) imposes a bar on third parties acquiring an interest in real estate that is the subject matter of the petition while the action is pending. Had the foreclosure action been prosecuted to judgment instead of being stayed by this bankruptcy case, the lis pendens would have hardened into a judgment lien under KAN. STAT. ANN. § 60-2202(a) that related back to the date of the petition filing, but not more than four months. The World Bank action has been dismissed for lack of prosecution, lifting the lis pendens. At the petition date, however, the lis pendens attached to the real estate in question.

The lis pendens amounted to a transfer of the debtor's property on account of an antecedent debt, the note World Bank sought to collect in the foreclosure. It was made within the 90-day reach-back period. The debtor was presumed to be insolvent at that time,[30] a presumption that an examination of his schedules amply supports. In the ordinary case, the transferee must be afforded an opportunity to rebut that presumption and that would require taking evidence. Here, however, the lis pendens is released and, in any event, the Court has concluded that the mortgage did not

_____
[30] 11 U.S.C. § 547(f).

13

impart notice to third parties as a matter of law. That being a sufficient basis upon which to enter judgment for the Trustee, no purpose would be served by conducting a preference trial.

Conclusion and Order

The Court finds that the failure of the certificate of notarial act to recite the date of the notarial act as required by KAN. STAT. ANN. § 53-508 renders it defective. The filed mortgage therefore does not impart constructive notice to a subsequent purchaser. The Addendum does not correct this defect. The Trustee is entitled to judgment as a matter of law avoiding World Bank's mortgage under § 544 and preserving it for the benefit of the estate under § 550. The Court need not reach the Trustee's preference claim.

The Clerk will schedule a one-hour evidentiary hearing in the bankruptcy case on the Trustee's motion to show cause why World Bank should not be held in contempt for its alleged violation of the automatic stay by filing the Addendum.[31] Should the Court determine that a stay violation occurred, appropriate sanctions, if any, will also be considered at that time.

IT IS THEREFORE ORDERED that the Trustee's motion for summary judgment is GRANTED. World Bank's motion for summary judgment is DENIED. JUDGMENT shall be entered accordingly.

# # #

---

[31] No. 06-12375, Dkt. 39.

14